IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TABITHA L. THOMPSON, )
 )
 Plaintiff, )
 )
 vs. ) Civil Action No. 07-1512
 )
COMMISSIONER OF SOCIAL SECURITY, )
 )
 Defendant. )

O R D E R

AND NOW, this 24th day of September, 2008, upon consideration of Defendant's Motion for Summary Judgment (document No. 10) filed in the above-captioned matter on March 11, 2008,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 8) filed in the above-captioned matter on February 5, 2008,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

1

I.      **Background**

In October of 1999, Plaintiff, Tabitha Thompson, was found to be disabled since May 1, 1999 for purposes of Supplemental Security Income ("SSI")[1] for a child due to borderline intelligence, attention deficit hypertension disorder ("ADHD"), and depression. (R. 36). When she turned 18 years of age, her case was reviewed, and the Social Security Administration ("SSA") determined that her disability ceased as of January 2005, and her benefits were terminated on March 31, 2005. (R. 37-39, 43-46). Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on March 21, 2006. (R. 498-534). In a decision dated June 27, 2006, the ALJ found that Plaintiff ceased to be under a disability for purposes of SSI as of January 31, 2005. (R. 14-20). The Appeals Council declined to review the ALJ's decision on October 12, 2007. (R. 6-9). On November 8, 2007, Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the

---

[1]   See 42 U.S.C. §§ 1381-1383f.

Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (quoting 42 U.S.C. § 405(g)); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by counterveiling evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). "Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is

considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy... .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The SSA has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment.

4

See 20 C.F.R. § 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. §§ 416.920(e) and (f). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(g). In making this determination, the ALJ should consider the claimant's RFC and vocational factors, i.e., his or her age, education, and past work experience. Id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity during any relevant period. (R. 16). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had the severe impairments of ADHD, mood disorder, and borderline intelligence. (Id.) The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three, including Listing 12.04, pertaining to affective disorders, or 12.05, pertaining to mental retardation. (Id.).

The ALJ found that Plaintiff retained the RFC to engage in work at any exertional level which is simple and repetitive, involves only routine work processes and settings, no more than incidental interaction with the public, no teamwork, and no high stress, high quotas, or close attention to quality production standards. (R. 17-19). After finding that Plaintiff had no past relevant work, the ALJ, moved on to Step Five. (R. 19). The ALJ used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's vocational background and RFC, Plaintiff could perform jobs, including bench assembler, janitor/cleaner, and hand picker, that exist in significant numbers in the national economy. (R. 19-

20). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 20).

IV. **Legal Analysis**

Plaintiff raises several arguments as to why the ALJ erred in finding that she was not disabled. While the Court does not reach all of these arguments, it does agree that substantial evidence does not support the ALJ's decision. Specifically, the Court believes that the record is insufficient to support the ALJ's determination that Plaintiff's impairments do not meet or equal Listing 12.05. Accordingly, the Court will remand the case for further consideration.

The first part of Listing 12.05 provides:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

Here, Plaintiff claims that the requirements in subsection C have been met, in that she has a valid full scale and performance IQ of 60 through 70 and other mental impairments imposing additional and significant work-related limitations of function. The Government argues that, regardless of whether Plaintiff can establish the subsection C criteria, she cannot establish the

requirement in the initial paragraph of deficits in adaptive functioning.

The Government is correct that in order to meet or equal Listing 12.05, Plaintiff must prove both that she experiences "deficits in adaptive functioning" and that she meets the requirements in subsections A, B, C, or D. Gist v. Barnhart, 67 Fed. Appx. 78, 81 (3d Cir. 2003); 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A). While there appears to be no disagreement that Plaintiff has made the required showing under subsection C, the parties do disagree as to whether the initial showing has been made.

Unfortunately, although the ALJ specifically discusses the inapplicability of Listing 12.04, he does not do the same in regard to Listing 12.05. While an ALJ need not use any particular language or adhere to a particular format in analyzing the applicability of a listing, he must set forth the reasons for his decision. See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004); Burnett v. Commissioner of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). There must be sufficient development of the record and explanation of the findings to permit meaningful review. See Jones, 364 F.3d at 505. Bare conclusions without meaningful explanation will generally not be sufficient. See Burnett, 220 F.3d at 119-20.

Here, the Court cannot meaningfully determine the ALJ's basis for determining that Plaintiff has failed to make the necessary showing under the initial paragraph of 12.05. Further

8

discussion is needed to understand the basis of the ALJ's Step Three findings. The Court expresses no opinion as to whether the ALJ's determination that Plaintiff's impairments do not meet or equal Listing 12.05 *could* be supported by the record. It is the need for further explanation that mandates the remand in this case.

Although Plaintiff raises other arguments, the Court does not reach these because it has already found a remand warranted and because the record does not allow the Court to reverse the ALJ's decision and award benefits. First, for the reasons discussed above, the administrative record has not been fully developed. In any event, the Court cannot find that substantial evidence in the record as a whole indicates that Plaintiff is disabled and entitled to benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984). Of course, on remand, all credibility determinations, evaluation of listings, RFC determinations, and all other analysis must be done in accordance with the applicable law so as to alleviate any need for any further remands.

## V. Conclusion

In short, the record simply does not permit the Court to determine whether the ALJ's determination that Plaintiff's impairments fail to meet a listing is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The

Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record